IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| John F. Green, #278705,<br>former #00009567,<br><br>      Petitioner,<br><br>  vs.<br><br>Warden Anthony Padula,<br><br>      Respondents. | Civil Action No. 6:08-1278-MBS-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

    The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

    The record reveals that the petitioner is currently confined at Lee Correctional Institution in the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court for Richland County. The petitioner was indicted in the September 2000 term of the Richland County Court of General Sessions for three counts of kidnaping (2000-GS-40-48376, 2000-GS-40-48377, 2000-GS-40-48378) and one count of armed robbery (2000-GS-40-48379). He was initially represented by attorney Jonathan Harvey. At trial, he was represented by attorneys Beattie I. Butler and Samuel Mokeba of

the Richland County Public Defender's Office. The State was represented by K. Luck Campbell and David M. Pascoe, Jr., Assistant Solicitors of the Fifth Circuit. On September 24-27, 2001, the petitioner proceeded to trial and was convicted on all of the charges. The Honorable L. Casey Manning, Circuit Court Judge, sentenced him to 25 years on each indictment, to be served concurrently.

*Facts*

The petitioner was convicted of robbing a Church's Chicken fast food restaurant ("Church's") in Columbia, South Carolina, on Monday, January 10, 2000. He was also convicted of kidnaping the three employees working at Church's that night: Kimala Leverett, the manager; Leonard Perry, the cook; and Roxie Berry, the front area cashier. According to the record, the petitioner entered the restaurant a little after 9:00 p.m. He was joined by another man, who was described by each as shorter and fatter than the petitioner. At the time, Roxie Berry was at the front register, Leonard Perry was by the ovens, and Kim Leverett was at the drive-thru window. The shorter, stockier man ordered some chicken. While he was placing his order, the petitioner walked over toward the dining area of the restaurant. Behind the dining area, there is a hallway with three doors, two of which are to the restrooms. The other door leads to the "employees only" area behind the front counter. The petitioner entered the "employees only" door. He pulled out a gun and pointed it at Leonard Perry. The petitioner then ordered Perry to go to the office in the back of the restaurant. Shortly thereafter, the petitioner ordered Berry and Leverett to also go to the office. According to the victims, the petitioner then ordered Leverett to open the safe in the office. After he retrieved the money from inside the safe, the petitioner ordered Berry to open the cash registers. After retrieving the money from the registers, he ordered all three employees to go into the cooler and to not leave the cooler for at least five minutes.

The victims waited in the cooler for more than five minutes. Leverett then called the police. Upon arrival, the Columbia Police Department took statements from all three victims/witnesses. Leverett immediately identified the petitioner as the one who robbed the store. She recognized him because he was a former employee of the restaurant.[1] Each witness gave a description of the robber to police. Leverett described the robber as "about five nine, from 165 to 170. I know he had a blue cap, striped shirt, red and white, blue pants, black shoes, and I noticed a mustache." Perry described the robber as "a slim guy, dark skin, low hair cut, clean-shaved face," and he was wearing "dark blue jeans, black sneakers with a red - - the shirt looked all blue with red, yellow stripes."[2] Berry described the robber as "skinny, about 130 pounds, five nine, maybe five eight." She described him as wearing "black shirt, black pants." She also recalled that he was clean-cut. She did not recall the robber having a mustache. The Columbia Police Department put together a photo lineup which included the petitioner's photo. Within the next two days, the petitioner's photo was identified by each of the three witnesses as the man who robbed the Church's.

Before trial, the trial court held a *Neil v. Biggers* hearing. *See Neil*, 409 U.S. 188 (1972). The petitioner's counsel objected to the petitioner being present at the hearing and requested the petitioner remain absent for the hearing. The trial court denied the request and required the petitioner to appear for the hearing. At the hearing, the petitioner was identified by all three witnesses as the individual who robbed Church's. At trial, the petitioner was again identified by all three witnesses as the individual who robbed Church's.

---

[1]The petitioner had worked on first shift for Church's for some time between November 1998 and January 1999. Leverett reclaimed that she thought he worked at the store between June and September 1999. While Leverett managed the night shift during that time, she saw the petitioner on several occasions between shift changes.

[2]Perry mentioned on direct that he recalled seeing a mustache on the robber. However, he admitted on cross examination that he did not inform the police that he saw a mustache.

3

*Direct Appeal*

A timely notice of appeal was filed on the petitioner's behalf on October 2, 2001. An appeal was not perfected. The petitioner formally dropped his appeal on March 26, 2003. As a result of the petitioner's request, the South Carolina Court of Appeals dismissed his appeal on March 28, 2003. The remittitur was issued in the same order on March 28, 2003.

*PCR Action*

The petitioner filed an application for post-conviction relief on April 11, 2003 (2003-CP-40-1884), alleging ineffective assistance of counsel on four grounds:

> (1) Applicant's trial counsel ineffective in not contemporaneously objecting when trial court would not allow trial counsel to have applicant stand up and be viewed by the jury during closing argument; when in fact trial counsel had previously put applicant up for examination, as the physical characteristics and identity of the robber were the only contested issue at applicant's trial;
>
> (2) applicant's trial counsel ineffective in not contemporaneously objecting to the witnesses identification of applicant in the presence of the jury – as the identification process was irreparably tainted by the unduly suggestive photo lineup;
>
> (3) Applicant's trial counsel ineffective in not contemporaneously objecting to the State (Prosecution) using irrelevant case law to force the applicant's appearance in a suppression hearing; trial counsel was also ineffective in not objecting to the trial court's error in requiring applicant's presence during a suppression hearing, which was error and an abuse of discretion;
>
> (4) Applicant's trial counsel ineffective in not noticing the trial court of applicant's desire to testify on applicant's own behalf – as the trial court previously advised applicant to do.

The respondent filed its return on November 9, 2004. On November 14, 2005, an evidentiary hearing was held before the Honorable Alison R. Lee. The petitioner was

4

present at the hearing and was represented by Attorney Thomas E. Elliott, Jr. Arie D. Bax of the South Carolina Attorney General's Office represented the respondent. By order dated May 9, 2006, Judge Lee denied and dismissed with prejudice the petitioner's application for post-conviction relief.

*PCR Court's Findings*

The PCR court found that trial counsel's desire to present the petitioner to the jury during closing argument was to show the jury a comparison between the petitioner's appearance and the descriptions above given by the witnesses. He properly moved during his closing argument to have the petitioner presented at that time. The State objected to the presentation, and the judge sustained that objection. The petitioner was presented without objection during the cross examination of witness Roxie Berry. The court found that *State v. Hart*, 412 S.E.2d 380 (S.C. 1991) (holding that trial court's refusal to allow defendant to exhibit his physical characteristics to jury unless defendant subjected himself to cross-examination by State in robbery prosecution in which only contested issue was identity was error) was distinguishable because the petitioner was presented to the jury during trial. While the petitioner was not allowed to be presented during the closing statement, the court found that there appeared to be no error on the part of trial counsel in regard to the presentation of the petitioner. Further, trial counsel moved for a directed verdict or mistrial based on the discrepancies in the witnesses' testimony. The trial judge found such discrepancies, if any, went to the weight and not the exclusion of the testimony (App. 788). Since trial counsel properly moved for presentation of the petitioner during closing argument, as well as for continual directed verdict and mistrial motions, the PCR court found that trial counsel was not ineffective on the issue of presentation to the jury (App. 788-89).

On the second issue, the petitioner objected that the photo lineup included two pictures of his co-defendant and that his picture also appeared twice in the lineup. The petitioner believed that this would reduce the chance that a witness would choose someone else and stated that his attorney failed to object to the use of the photo lineup during trial. The PCR court found from its review of the evidence that it appeared that the lineup did include two photographs of the co-defendant[3]. However, there was only one photo of the petitioner included. Therefore, the court found there was no duplicate photograph issue as to the petitioner. Further, because trial counsel addressed this issue with both an expert and his own office's attorneys, the PCR court found that trial counsel was not ineffective in regard to the duplicative photographs of the petitioner's co-defendant. Any decision not to pursue this matter more vigorously was based upon consultation with others regarding trial strategy (App. 789).

As noted above, the petitioner's third issue was withdrawn during the PCR hearing. As to the final issue, the petitioner alleged that trial counsel was ineffective for failing to object to the petitioner being forced to appear for the *Neil v. Biggers* hearing. The PCR court found that the petitioner did vigorously object to his presence during the hearing and was denied by the trial judge. Under *State v. O'Neal*, 42 S.E.2d 523 (S.C. 1947), requiring a defendant to be present and expose his features to witnesses does not violate his privilege against self-incrimination because such is visual and not testimonial in nature. The court found that it is the right of the prosecution to have a defendant in the view of the presiding judge and jury, and it is within the discretion of the trial judge to require such defendant to sit or stand. Therefore, trial counsel was not ineffective as counsel on this issue (App. 789-90).

---

[3]The respondent notes that there was no co-defendant in this case. The co-defendant to which the PCR court refers is a non-suspect who had two photographs included in the lineup.

Based on the foregoing, the PCR court found and concluded that the petitioner had not established any constitutional violations or deprivations that would require the court to grant his application. Therefore, the petitioner's application for post conviction relief was denied and dismissed with prejudice.  Except as discussed above, the court found that if the petitioner asserted any other issues in his application, he had waived them. It was therefore ordered that 1) the petition for post-conviction relief must be denied and dismissed with prejudice; and 2) the petitioner must be remanded to the custody of respondent; and 3) the court advised the petitioner that he must file and serve a notice of appeal within 30 days from the receipt by counsel of written notice of entry of judgment to secure the appropriate appellate review (App. 790).

### *PCR Appeal*

The petitioner's attorney, Thomas E. Elliott, Jr., was served with the order from the PCR on May 23, 2006.  Elliott timely filed a notice of appeal dated June 19, 2006. On appeal, the petitioner was represented by Kathrine H. Hudgins, Assistant Appellate Defender with the South Carolina Commission on Indigent Defense.  The petitioner's counsel filed a *Johnson* petition for writ of certiorari on February 28, 2007.  The petitioner also filed a *pro se* petition for writ of certiorari on March 29, 2007.

Appellate counsel argued that trial counsel was ineffective in failing to determine if the photo lineup contained two photographs of the petitioner. The petitioner's *pro se* petition presented six questions (verbatim):

> (1)    Was trial counsel ineffective in failing to determine if photo line-up contain two photographs of the Defendant?
>
> (2)    Was trial counsel ineffective in acknowledging to the fact of two photograph were the photo only of a co-defendant which didn't exist?

7

>   (3)   Did Defendant constitutional righs covered under Amendment 1 violated in a proper redress in Post conviction?
>
>   (4)   Was Defendant rights covered under Amendment 14th of the due process of law was violated in both the trial and the postconviction relief evidentiary hearing?
>
>   (5)   Was the defendant prejudiced by trials deficient performance of trial counsel and PCR counsel?
>
>   (6)   Why?  If applicants defense counsel did object vigorously to his presence during the hearing which he was forced to appear why was he denied by trial Judge?

In the petitioner's petition, he focused on two main arguments. First, he claimed his trial counsel was deficient for not contemporaneously objecting after the trial court refused his request to allow the petitioner stand during his closing arguments. Second, the petitioner focused on his claim that he is pictured twice in the photo lineup used by police. He argued that in addition to the fact there were two photos of a different person in the lineup, there were also two photos of the petitioner in the lineup.

On January 10, 2008, the South Carolina Supreme Court denied the petitioner's petition for writ of certiorari. The court reviewed the entire record as required by *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988), and denied the petition and granted counsel's request to withdraw. The remittitur was filed on January 28, 2008.

In his petition now before this court, the petitioner makes the following allegations (verbatim):

>   Ground One: Ineffective assistance of counsel, violation of the 6th and 14th Amendment to the United States Constitution - counsel fail to suppress the photo lineup, that was unduly suggestive;
>
>   Ground Two (listed from sheet attached to form petition)
>   1)   Ineffective assistance of trial counsel
>   2)   Ineffective assistance of appellate counsel
>   3)   Violation of due process of law the (14th) fourteenth amendment to the United States Constitution

8

>> 4) Violation of (6th) sixth amendment to the United States constitution.

Also, the following questions are presented in the petitioner's brief in support of his habeas application (verbatim):

> (1) Was trial counsel ineffective in failing to determine if photo line-up contain two photographs of the defendant?
>
> (2) Was trial counsel ineffective in acknowledging to the fact of two photograph where the photo only of a co-defendant which didn't exist?
>
> (3) Did defendant constitutional rights covered under Amendment (1) violate in a proper redress in Post Conviction?
>
> (4) Was defendants rights covered under Amendment (14th) of the Due Process of law was violated in both the trial and the Post-Conviction Relief evidentiary hearing?
>
> (5) Was the defendant prejudiced by trials deficient performance of trial counsel and PCR counsel?
>
> (6) Why? If applicants defense counsel did object vigorously to his presence during the hearing which he was forced to appear why was he denied by trial judge?

On June 24, 2008, the respondent filed a motion for summary judgment. By order filed June 25, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on July 23, 2008, and the respondent filed his reply on August 4, 2008.

## APPLICABLE LAW

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(d), (e).

The Fourth Circuit Court of Appeals has stated as follows regarding the standard of review in cases, like the instant case, that are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> For a claim that was adjudicated on the merits in state court proceedings, this Court will not issue a writ of habeas corpus under the AEDPA unless (a) the state court decision is in "square conflict" with Supreme Court precedent that is controlling as to law and fact or (b) if no such controlling decision exists, "the state court's resolution of a question of pure law rests upon an objectively unreasonable derivation of legal principles from the relevant [S]upreme [C]ourt precedents, or if its decision rests upon an objectively unreasonable application of established principles to new facts." *Green v. French*, 143 F.3d 865, 870 (4th Cir.1998). "In other words, habeas relief is authorized only when the state courts have decided the question by interpreting or applying the relevant precedent in a manner that reasonable jurists would all agree is unreasonable." *Id.* When a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits, however, our review of questions of law and mixed questions of law and fact is de novo. *See Jones v. Jones*, 163 F.3d 285, 299-300 (5th Cir.1998) (applying pre-AEDPA de novo standard of review to claims of ineffective

>           assistance of counsel that were properly raised, but not
>           adjudicated on merits in state court).

*Weeks v. Angelone*, 176 F.3d 249, 257-58 (4th Cir. 1999).

## **ANALYSIS**

Assuming for purposes of this motion that the petitioner's grounds are not procedurally barred, the grounds fail on the merits as set forth below.

### *Ground One*

In ground one, the petitioner first alleges that his trial counsel was ineffective because he failed to suppress an unduly suggestive photo lineup. He claims his Sixth and Fourteenth Amendment right were violated. Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689. To prevail on a due process claim, the petitioner must show (1) that the photographic lineup used in this case was unduly suggestive; and (2) under the "totality of the

circumstances," the pre-trial identification is inadmissible because it was unreliable. *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).

Within this claim, the petitioner expresses two concerns. First, the petitioner alleges that there are two photographs of him in the lineup. Second, the petitioner objects to the fact that there were two photos of another individual (who was mistakenly referred to in the PCR court's order as a co-defendant) in the lineup. The PCR court had before it the records of the Richland County Clerk of Court, which would have included the original color photo lineup (App. 780-81). The court specifically found that there was only one photograph of the petitioner in that lineup, and that there was no duplicate photograph issue as to the petitioner (App. 789). Further, the PCR court found that trial counsel addressed the issue of the duplicate of another individual in the photo lineup with both an expert and other attorneys within counsel's office. The court found, "Any decision not to pursue this matter more vigorously was based upon consultation with others regarding trial strategy" (App. 789). Those findings are entitled to deference. *Lovitt v. True*, 403 F.3d 171, 178 (4th Cir.2005). The petitioner has not presented any probative evidence that shows the PCR court unreasonably applied federal law or that the PCR court made an unreasonable determination of the facts in light of the facts before it. The petitioner points only to his own testimony at the PCR hearing that he was in the lineup twice and testimony from trial counsel where trial counsel stated he could not determine who was in one of the disputed photographs at the PCR hearing (App. 763-64). Trial counsel did not state that the petitioner was the individual in the disputed photograph. He only stated that he could not tell because the copy of the photo was of such poor quality (App. 764). The PCR court was able to review the original lineup (App. 786). Since there is no evidence that indicates the PCR court's factual determination was unreasonable, the petitioner fails to meet his burden. Further, the petitioner fails to establish that the PCR court misapplied federal law in finding that trial counsel was not ineffective. Therefore, this ground fails.

***Ground Two***

In ground two, the petitioner alleges: (1) ineffective assistance of trial counsel; (2) ineffective assistance of appellate counsel; (3) violation of due process of law the Fourteenth Amendment to the United States Constitution; and 4) violation of Sixth Amendment to the United States Constitution. As argued by the respondent, to the extent the petitioner reasserts his claim in ground one, the claim fails for the reasons stated above. Further, to the extent the petitioner reasserts the grounds for his claim of ineffective assistance of counsel that were presented at the PCR hearing, the petitioner's assertions lack merit. At the PCR hearing, the petitioner also contended that trial counsel was ineffective because he failed to contemporaneously object when the trial judge would not allow the petitioner to stand up and be viewed by the jury during his closing argument. After reviewing the entire record, the PCR court found no error on the part of trial counsel in regards to the presentation of the petitioner during closing argument. The PCR court found that trial counsel was not ineffective because he properly moved to present the petitioner during closing arguments, and he timely moved for a directed verdict and mistrial based on the trial court's ruling on the State's objection to the petitioner being presented during closing argument (App. 788-89). These findings are entitled to deference. *See Lovitt*, 403 at 178. The petitioner has presented no probative evidence that these findings were unreasonable or that the PCR court unreasonably applied federal law. As a result, this claim fails.

Further, at the PCR hearing, the petitioner asserted that trial counsel was ineffective because he failed to object to the petitioner being forced to appear for the *Neal v. Biggers* pre-trial hearing. The PCR court specifically found that trial counsel vigorously objected to the petitioner's presence during the hearing, and his objection was denied by the trial judge. In addition, the PCR court found that under *State v. O'Neal*, 42 S.E.2d 523 (4th Cir. 1947), requiring a defendant to be present and expose his features does not violate

13

his privilege against self-incrimination because such is visual and is not testimonial in nature. The PCR court noted that it is the right of the prosecution to have the accused in the view of the presiding judge and jury, and it was within the trial court's discretion to require such the defendant to sit or stand. Therefore, the PCR court found that the petitioner's trial counsel was not ineffective (App. 789-90).

These findings are entitled to deference. 28 U.S.C.A. § 2254(d). The petitioner has presented no probative evidence that these findings were unreasonable or that the PCR court unreasonably applied federal law. As a result, the petitioner has failed to meet his burden, and this ground for relief fails.

Also in ground two, the petitioner contends that he received ineffective assistance of appellate counsel. The petitioner does not specify what errors and omissions were prejudicial. As argued by the respondent, the petitioner's allegations are too vague to warrant relief. *See Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970) ("The petition should set out substantive facts that will enable the court to see a real possibility of constitutional error."). Further, it is not clear from the petitioner's allegations whether or not he is claiming ineffective assistance of counsel of his appellate attorneys in his PCR actions. If so, such a claim is improper in this habeas setting. Alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas actions. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988).

Next, the petitioner argues in ground two that his due process rights were violated because the photo lineup was unduly suggestive and specifically that there were two photos of him in the lineup. While the PCR court did not make a finding as to whether the photo lineup itself was unduly suggestive, the court did determine that the petitioner's photograph was only in the lineup once. In making this determination, the court reviewed the original photo lineup (App. 789). Again, that finding is entitled to deference. *See Lovitt*, 403 F.3d at 178. The petitioner has failed to provide any probative clear and convincing

14

evidence to show that the court's determination that he was in the lineup only once was unreasonable. Instead, he only submits a copy of the copy of the original photo lineup. As noted in the PCR hearing by the petitioner's trial counsel, the quality of the copies of the photo lineup was not good (App. 762). Since there is no probative evidence that indicates the PCR court made an unreasonable factual finding, this claim should be dismissed.

Further, the petitioner fails to provide probative evidence to show that the PCR court or South Carolina Supreme Court unreasonably applied federal law. In essence, it appears the petitioner is asserting that the PCR court failed to properly apply *Neil v. Biggers* because it did not reach the second prong of the analysis. However, the petitioner's assertion is again based solely on his belief that the photo lineup was unduly suggestive because there are two photos of him in the photo lineup. The PCR court did not improperly apply federal law. The PCR court made no finding as to whether the photo lineup was unduly suggestive. Thus, the court had no reason to address the second prong of the *Neil v. Biggers* analysis. Neither issue was directly before the court. Even if the PCR court did find that the photo lineup was not unduly suggestive, the petitioner has failed to establish that such a determination was an unreasonable interpretation of federal law. The only factor the petitioner points to in his explanation that the lineup was suggestive is the inclusion of two pictures of another individual. As argued by the respondent, that would not be unduly suggestive in a manner prejudicing him. Further, lineups of five or fewer individuals have been found to not be unduly suggestive. *See U.S. v. Harris*, 281 F.3d 667, 670 (7th Cir. 2002) (photo array including four pictures not unduly suggestive); *see also U.S. v. Hardy*, Nos. 92-5289, 92-5302, 1993 WL 155699, at *3 (4th Cir. 1993) (photo lineup including four pictures not unduly suggestive) (unpublished opinion).

Further, even if the lineup was unduly suggestive, the petitioner has failed to show that the in-court identifications were unreliable as a result. As noted by the PCR court, at trial, one of the witnesses (Leverett) stated that she knew the petitioner because

he was a former employee (App. 789). Identifications made where the witness knows the defendant have been deemed reliable. *U.S. v. Pickett*, No. 05-4288, 2006 WL 584396, at *1 (4th Cir. 2006) (unpublished opinion). Further, as established in the *Neil v. Biggers* hearing before the trial, the witnesses all had ample opportunity to observe the petitioner during the robbery, under adequate lighting, for an extended period of time (App. 43-121). Thus, it would be reasonable for a court to find the in-court identifications reliable. As a result, the petitioner could not have established a due process claim. As there is no evidence showing that either the PCR court's factual findings were unreasonable or the PCR court's application of federal law was unreasonable, the petitioner has failed to meet his burden. Therefore, this claim fails.

Lastly in ground two, the petitioner alleges that his Sixth Amendment rights were violated. As argued by the respondent, this claim is vague as the petitioner does not specify what errors and omissions violated his Sixth Amendment rights. These allegations are too vague to warrant relief. *See Aubut*, 431 F.2d at 689. To the extent the petitioner is reasserting his ineffective assistance of counsel claim, the claim fails for the reasons stated above with regard to ground one.

***Questions Presented***

**(1)**   **Was trial counsel ineffective in failing to determine if photo line-up contain two photographs of the defendant?**

This question was addressed in ground one.

**(2)**   **Was trial counsel ineffective in acknowledging to the fact of two photograph where the photo only of a co-defendant which didn't exist?**

The petitioner appears to assert that trial counsel was ineffective because trial counsel acknowledged that two of the photographs in the lineup belonged to a co-defendant. This concerns the petitioner because there was no co-defendant at his trial.

16

The petitioner appears to reference the PCR order, where the PCR court mistakenly refers to the non-suspect individual pictured twice in the photo lineup as a co-defendant (App. 789). At no point during the PCR hearing or during the trial did trial counsel refer to or acknowledge the individual who was photographed twice as being a co-defendant. In fact, at no point during either the trial or PCR hearing is this individual referred to as a suspect or a co-defendant. Further, the petitioner fails to show how counsel would have provided ineffective assistance had he called the individual a co-defendant. The petitioner has failed to show that either the PCR court or the South Carolina Supreme Court unreasonably applied federal law to this claim, nor has he shown that either court made an unreasonable factual determination based on the facts presented to the court. Accordingly, the claim fails.

*(3)    Did defendant constitutional rights covered under Amendment (1) violate in a proper redress in Post Conviction?*

This claim is too vague to warrant relief as the petitioner does not specify what errors and omissions were prejudicial. *See Aubut*, 431 F.2d at 689.

*(4)    Was defendants rights covered under Amendment (14th) of the Due Process of law was violated in both the trial and the Post-Conviction Relief evidentiary hearing?*

This question was addressed in ground two.

*(5)    Was the defendant prejudiced by trials deficient performance of trial counsel and PCR counsel?*

This question was addressed in grounds one and two.

*(6)    Why? If applicants defense counsel did object vigorously to his presence during the hearing which he was forced to appear why was he denied by trial judge?*

It appears that the petitioner is asking why he was required to appear at the *Neil v. Biggers* pre-trial hearing when his attorney objected to his presence. As argued by the respondent, this claim does not directly or indirectly concern whether the petitioner is

in custody in violation of the Constitution or laws or treaties of the United States. It is basically a question seeking an explanation that could be found by the petitioner in the trial transcript. Further, as argued by the respondent, the petitioner has failed to show that either the PCR court or the South Carolina Supreme Court unreasonably applied federal law to this claim, nor has he shown that either court made an unreasonable factual determination based on the facts presented to the court. Accordingly, this claim fails.

Lastly, to the extent the petitioner raises new grounds for relief in his response to the motion for summary judgment that were not raised in his petition filings,[4] these new arguments are improper amendments to his petition and will not be addressed by this court.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 16) be granted.

s/William M. Catoe
United States Magistrate Judge

January 20, 2009

Greenville, South Carolina

---

[4] This court has addressed all the grounds for relief raised by the petitioner in his petition for writ of habeas corpus and attachment filed on April 9, 2008 (doc. 1) and in his questions presented and statement of case filed on May 22, 2008 (doc. 15).

18